UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| KAREN WARREN, )<br>)<br>   PLAINTIFF, )<br>)<br>v. )<br>)<br>)<br>)<br>NIAGARA CREDIT SOLUTIONS, )<br>INC. )<br>)<br>   DEFENDANT. ) | CIVIL ACTION NUMBER:<br>JURY TRIAL DEMANDED |

## PLAINTIFF'S COMPLAINT

This is an action brought by the Plaintiff, Karen Warren, for actual and statutory damages, attorney's fees, and costs for Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama's common laws set forth herein.

### JURISDICTION AND VENUE

This Court has jurisdiction under 15 U.S.C. §1692k (d), and 28 U.S.C. §1331, §1332, and §1367. Venue is proper in that the Defendant transacted business here, and the Plaintiff resides here.

### PARTIES

1. The Plaintiff, Karen Warren, is a resident and citizen of the state of Alabama, St. Clair County, and is over the age of twenty-one (21) years.

2. The Defendant, Niagara Credit Solutions, Inc. is a corporation

incorporated in New York and registered to do business in Alabama with the Alabama Secretary of State. The Defendant was, in all respects and at all times relevant herein, doing business in the State of Alabama and in this District. The Defendant is engaged in the business of collecting consumer debts from consumers residing in St Clair County, Alabama and is a "debt collector," as defined by the FDCPA 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

1. Starting on or about August 26, 2007 Defendant, Niagara Credit Solutions, Inc. ("Niagara") began its attempts to collect a debt allegedly incurred by the Plaintiff in 2004. Upon information and belief, this alleged debt stems from a credit card issued by Providian Bank. At some point, the debt was solid to "Elite Recovery Services, Inc." Upon information and belief, Elite retained Niagara to collect the debt.

2. Plaintiff lives with her mother and father. Between August 26, 2007 and September 18, 2007, agents and/or employees of Niagara called her parents' phone at least 36 times in an attempt to collect the alleged debt.

3. The alleged and disputed debt of Plaintiff claimed by Niagara was incurred for personal, family, or household services, and was a "debt" as defined by the FDCPA at 15 U.S.C. §1692a(5).

4. Over the course of attempting to collect this alleged debt, a debt collector working for Niagara named "Matt" asked the Plaintiff to arrange for a moneygram wire transfer from Wal-Mart to Niagara.

5. The Plaintiff, after continued harassment and in a good faith attempt to pay this debt traveled to Wal-Mart in order to arrange the wire transfer. While at Wal-Mart, she was informed by Wal-Mart employees that Niagara was not on the approved list for transfers. For that reason, Plaintiff purchased a money order in the amount of $50.00 in order to send payment to Niagara.

6. Plaintiff called "Matt" to let him know that she would send the money order. "Matt" indicated that this was not acceptable, that

Wal-Mart's employees were "incompetent." When Plaintiff explained that she had a money order and could send payment immediately, "Matt" told her "Good luck, Karen," and hung up on her.

7. In response, Plaintiff called "Matt" back at Niagara. He indicated that he did not want to talk to her, that he was ready to go home, indicated that she was being untruthful about the money order and told her to go back to Wal-Mart and call him back the next day. He ended the conversation by telling her he was "really rooting for [her]."

8. The next day a collector believed to be collecting for Niagara called the Plaintiff and represented himself as "Mr. Lowe." Plaintiff requested that he identify himself and who he was calling from. "Mr. Lowe" refused and terminated the telephone call.

9. After "Mr. Lowe's" phone call, Plaintiff received a call from "Matt." Matt asked if Plaintiff had received a phone call from "Mr. Lowe." In the course of the conversation "Matt" called the Plaintiff a "professional debtor," harassed her repeatedly and asked if she liked her parents knowing about "all this money she owes." Plaintiff requested some information in writing because she was not sure exactly who Niagara and "Matt" were. "Matt" claimed that he "didn't have to send her anything."

## COUNT ONE
## FAIR DEBT COLLECTION PRACTICES ACT

9. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

10. The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff's alleged consumer debt.

11. The Defendant used false representations and/or deceptive means to attempt to collect a debt or obtain information concerning the Plaintiff in violation of §1692e(10).

12. The Defendant violated §1692d(5) by continually calling with intent to harass, annoy or abuse.

13. The Defendant's agents or employees violated §1692f by refusing to identify themselves and misrepresenting that they were under no obligation to provide verification of the debt as required by law.

14. As a proximate result of the Defendant's actions, the Plaintiff was caused to suffer actual damages for worry, anxiety, nervousness, and mental anguish.

## COUNT TWO
## NEGLIGENT TRAINING AND SUPERVISION

15. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

16. The Defendant knew or should have known the status of the alleged debt and of the conduct set forth herein which was directed at and visited upon the Plaintiff.

17. The Defendant knew or should have known that said conduct was improper.

18. The Defendant negligently failed to train and supervise collectors in order to prevent said improper conduct.

19. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

20. As a result of the Defendant's negligence, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT THREE
## RECKLESS AND WANTON TRAINING AND SUPERVISION

21. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

22. The Defendant knew or should have known of the conduct set forth herein which was directed at and visited upon the Plaintiff.

23. The Defendant knew or should have known that the said conduct was improper and illegal.

24. The Defendant recklessly and wantonly failed to train and supervise collectors in order to prevent said improper illegal conduct.

25. The Defendant recklessly and wantonly failed to train and supervise collectors on the FDCPA as it relates to communications with consumers and third parties.

26. As a result of the Defendant's recklessness and wantonness, the Plaintiff suffered worry, anxiety, nervousness, and mental anguish.

## COUNT FOUR
## VIOLATION OF THE RIGHT OF PRIVACY

27. The Plaintiff adopts the averments and allegations of all the above paragraphs hereinbefore as if fully set forth herein.

28. Plaintiff alleges that the Defendant and/or its agents' conduct intruded into the Plaintiff's physical solitude, private activities or seclusion by contacting her parents and ex-husband regarding an alleged debt she owed.

29. Defendant's conduct was an intentional and wrongful intrusion into the Plaintiff's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

30. Plaintiff alleges that as a direct and proximate result of Defendant's invasion of her privacy, she suffered damages as described herein below.

## AMOUNT OF DAMAGES DEMANDED

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands a judgment against the Defendant as follows:

A. Declaratory judgment that the Defendant's conduct violated the FDCPA;

B. Statutory damages of $1,000 from the Defendant for the violations of the FDCPA (15 U.S.C.§1692k);

C. Actual damages for the Defendant's violations of the FDCPA;

D. Costs and reasonable attorney's fees from the Defendant pursuant to 15 U.S.C.§1692k;

E. Compensatory and punitive damages against Defendant as a jury may assess for Plaintiff's state law claims for damages due to the Negligent Training and Supervision, and Reckless and Wanton Training and Supervision; Invasion of Privacy; and,

F. Such other and further relief that this Court deems necessary, just and proper.

_W. Whitney Seals_
Attorney for Plaintiff

_Michael W. Lindsey_
Attorney for Plaintiff

**OF COUNSEL:**
Pate & Cochrun, L.L.P.
P.O. Box 10448
Birmingham, AL 35202-0448
(205) 323-3900
(205) 323-3906 (facsimile)

Lindsey Law Firm, LLC
1 Perimeter Park Drive
Suite 330 North
Birmingham, AL 35243

**PLAINTIFF REQUESTS THAT DEFENDANT BE SERVED A COPY OF THIS COMPLAINT BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESS:**

NIAGARA CREDIT SOLUTIONS, INC.
C/O THE CORPORATION COMPANY
2000 INTERSTATE PARK DRIVE STE. 204
MONTGOMERY, AL 36109